UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENG GUO (A-241-138-421), | No.  1:26-cv-1152 DAD CSK |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner Feng Guo (A-241-138-421), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing violates his due process rights under the Fifth Amendment and violates statutory authority.  (Id. at 5-8 (claims one and two).)  Petitioner also argues that he is entitled to relief because he is a member of the Maldonado class.  See Maldonado v. Bautista, No. 5:25-cv-1873 SSS BFM (C.D. Cal.).  (Id. at 8-9 (claim three)).  For the following reasons, this Court recommends that the petition be granted as to claims one and two.

## I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.     DISCUSSION[1]**

On February 9, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 3.)  On February 10, 2026, the district court issued an order directing respondents to file an opposition to the motion for a temporary restraining order addressing whether any provision of law or fact would distinguish this case from the district court's decision in Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by the court. (ECF No. 6.)  On February 11, 2026, respondents filed an opposition to the motion for a temporary restraining order.  (ECF No. 10.)  In the opposition, respondents argued that petitioner was an "applicant for admission" within the meaning of 8 U.S.C. § 1225 but also acknowledged that this case did not appear to present any facts distinguishing it substantively from Ayala Cajina, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083.  (ECF No. 10 at 1-3.)  Respondents also requested that this action be held in abeyance pending the Ninth Circuit's decisions in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) (from 779 F. Supp. 3d 1239 (W.D. Wash. 2025)) and  Benavides Carballo v. Andrews, No. 25-cv-6533 (9th Cir.) (from E.D. Cal. No. 1:25-cv-00978 KES EPG).  (Id. at 3.)

On February 12, 2026, the district court issued an order finding persuasive the district court's previous orders in Ayala Cajina, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083, where the district court concluded that due process required a pre-detention hearing to protect

---

[1] The factual and procedural background previously presented in the district judge's February 12, 2026 order is incorporated herein.  (See ECF No. 12.)

2

petitioner's liberty interest in their continued release, and O.A.C.S. v. Wofford, No. 1:25-cv-1652 DAD CSK, 2025 WL 3485221 (E.D. Cal. Dec. 5, 2025), where the district court concluded that previously releasing petitioner on his own recognizance created a reliance interest such that petitioner was entitled to the due process available under 8 U.S.C. § 1226(a).  (ECF No. 12.)  The district court observed that in the pending case, petitioner arrived in the United States in November 2024, was detained by immigration authorities and subsequently released on December 19, 2024 under supervised release.  (Id.)  On December 2, 2025, petitioner was detained by immigration officers when he reported as directed to a U.S. Immigration and Customs ("ICE") Field Office for a routine check-in.  (Id.)  The district court converted petitioner's motion for a temporary restraining order to a motion for a preliminary injunction and granted the injunction.  (Id.)  In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a pre-detention hearing before a neutral adjudicator.  (Id.)  The district court referred this action to the assigned Magistrate Judge for further proceedings.  (Id.)

This Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition.  (ECF No. 13.)  The parties did not submit any additional briefing, and briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary injunction and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted as to claims one and two based on a finding that respondents violated petitioner's statutory rights under 8 U.S.C. § 1226 and Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claims one and two).  See Ayala Cajina, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083; O.A.C.S., No. 1:25-cv-1652 DAD CSK, 2025 WL 3485221.  As the district court explained in Ayala Cajina, petitioner acquired a liberty interest in his continued freedom when immigration authorities elected to release him on supervised release in December 2024, which entitled petitioner to a pre-detention hearing.  See Ayala Cajina, No. 1:25-cv-1566 DAD AC

(HC), 2025 WL 3251083, at *3-4.  As the district court explained in O.A.C.S., respondents' contention that § 1225 applies to noncitizens who have been present within the United States for a meaningful period of time is unavailing because of the weight of authority rejecting such a broad reading of § 1225:  "As numerous courts have observed, the initial decision to release petitioner under § 1226(a) precludes the government from later 'switch[ing] tracks' to subject him to mandatory detention under § 1225(b)(2) because petitioner's release created a 'reliance interest…so long as [petitioner] abided by the terms of [his] release.'"  O.A.C.S., No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3485221, at *3 (quoting Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025)).  This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

Because the Court recommends that the petition be granted as to claims one and two, the Court need not address claim three.

Respondents' alternative request, that this matter be stayed pending rulings by the Ninth Circuit in Rodriguez v. Bostock, No. 25-684 (9th Cir.), and Benavides Carballo, No. 25-cv-6533 (9th Cir.), should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.

**III.    CONCLUSION**

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED as to claims one and two.

2.  Respondents' alternative request to stay this action be denied.

3.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Feng Guo (A-241-138-421) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally

justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4. The Clerk of Court be directed to enter judgment for petitioner and close this case

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 18, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Guo1152.157(3).imm/2

5